## M'Collum *against* Barker.

THIS cause came before the court on a writ of error, from the court of common pleas of the county of *St. Lawrence.*

The record stated, that the defendant in error, declared against the plaintiff in error, in the court below in *assumpsit* for work, labour and services, and for money laid out, &c. The defendant below suffered judgment by default, and the sheriff was commanded, that he cause to come before the judges and assistant justices, at the court-house, &c. on the 4th of *June,* 1806, twelve, &c. to inquire and assess the damages, &c. On the same day, both parties appeared before the judges and assistant justices, &c. and the jury being sworn, assessed the damages to 70 dollars besides the costs, &c. upon which final judgment was entered.

The error assigned was, that there was no writ of inquiry or inquisition, or return thereto, on record in the clerk's office of the said court of common pleas.

*Margin note:* On a writ of error from a court of common pleas, it appeared by the record, that after judgment by default, in an action of *assumpsit,* a jury was summoned, and the damages assessed in the presence of the court, and judgment entered for the amount, without an inquisition returned; it was held, that the proceedings were regular, as the court may assess the damages without the intervention of a jury.

*Van Vechten*, for the plaintiff in error.

*H. Bleecker*, contra, cited 2 *Wilson*, 374. 3 *Wilson*, 62. 2 *Saund.* 107. *n.* 2.

*Per Curiam.* As the assessment of damages in the above case was only to inform the conscience of the court, who might themselves have assessed the damages without the intervention of a jury, we do not perceive any objection to the proceeding which took place. If the court might have dispensed with the jury, they could of course have dispensed with an inquisition formally signed and sealed by the jury, who acted in their presence. The execution of the writ in the presence and under the direction of the court, must afford at least equal satisfaction, as if it had been executed before the sheriff alone; and if the court are willing to submit to the trouble of presiding at the inquest, it is the safer mode for the parties. The judgment below ought, therefore, to be affirmed.

                                        Judgment affirmed.